UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COURNTEY GREEN,

                Plaintiff,

        -against-

KELLY AND RYAN SHOW, et al,

                Defendants.

1:22-CV-0237 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated January 12, 2022, the Court directed Plaintiff, who appears *pro se*, within 30 days, to resubmit the signature page of the complaint with an original signature. (ECF 4.) The Court attached a copy of the signature page of the complaint to the Court's January 12, 2022, order, and warned Plaintiff that if she failed to comply with the Court's order within the time allowed, the Court would dismiss the action. (*Id.*) On March 4, 2022, Plaintiff filed a signed motion for leave to proceed *in forma pauperis* on appeal (ECF 5), and on March 11, 2022, she filed an unsigned letter describing additional relief she sought. (ECF 6). Plaintiff did not, however, resubmit the signature page of her complaint with her original signature within 30 days of the Court's January 12, 2022, order. By order and judgment dated March 14, 2022, and entered one day later, on March 15, 2022 (62 days after the Court issued its January 12, 2022, order), the Court dismissed this action without prejudice due to Plaintiff's failure to comply with the Court's January 12, 2022, order. (ECF 7 & 8.)

On March 15, 2022, Plaintiff filed an unsigned "motion to reconsider" asserting that "the original filing was sent via [the United States Postal Service ("USPS")] as a hard copy paper document on [December 24, 2021,] with original signature." (ECF 9, at 1.) Three days later, on March 18, 2022, Plaintiff filed an unsigned letter in which she included additional allegations as

to her claims; she also filed a request for the issuance of a summons. (ECF 10 & 11.) One day after that, on March 19, 2022, Plaintiff filed another unsigned letter in which she stated "[a]mended [*in forma pauperis*] was submitted at time of hard time and recent funds in account are from 2021 tax return and will be used to obtain a place to live." (ECF 12.)

By order dated and entered March 28, 2022, the Court construed Plaintiff's "motion to reconsider" as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"), and for reconsideration under Local Civil Rule 6.3, and denied the motion as well as Plaintiff's request for the issuance of a summons. (ECF 13.)

On April 1, 2022, and again on April 2, 2022, Plaintiff filed two more unsigned "motions to reconsider." (ECF 14 & 15.) In the motion filed April 1, 2022, Plaintiff again asserts that "the original filing was sent via [the USPS] as a hard copy paper document on [December 24, 2021,] with original signature." (ECF 14, at 1.) In the motion filed April 2, 2022, Plaintiff asserts the same, and that between January 17, 2022, and February 5, 2022, "there was a snow storm and due to the weather conditions[,] [she] was unable to commute to submit documents through" Electronic Case Filing or the USPS. (ECF 15, at 1.) Plaintiff also asserts in that motion that between February 7, 2022, and March 5, 2022, she "had to travel with [her] grandfather . . . on the road to visit family and did not have access to documents nor the means to communicate this to the courts." (*Id.*) On April 5, 2022, Plaintiff filed a notice of appeal. (ECF 16.)

The Court liberally construes Plaintiff's latest two "motions to reconsider" as motions: (1) to alter or amend the Court's March 14, 2022, judgment under Rule 59(e); and (2) for reconsideration of the Court's March 14, 2022, order and judgment under Local Civil Rule 6.3. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a

variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). For the reasons set forth below, the Court denies Plaintiff's latest motions.

## DISCUSSION

### A.      Jurisdiction to consider Plaintiff's latest motions

Because Plaintiff has filed a notice of appeal, the Court must address whether it has jurisdiction to consider her latest motions for relief under Rule 59(e) and Local Civil Rule 6.3. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Under the Federal Rules of Appellate Procedure, however, if a party: (1) files a timely Rule 59(e) motion,[1] *see* Fed. R. App. P. 4(a)(4)(A)(iv); and (2) files a notice of appeal before the district court disposes of that motion, then the notice of appeal does not become "effective" until after the district court rules on that motion, *see* Fed. R. App. P. 4(a)(4)(B)(i).

The Clerk of Court entered the order and judgment dismissing this action on March 15, 2022. Thus, even though Plaintiff filed a timely notice of appeal, she has until April 12, 2022, to file a Rule 59(e) motion that the Court has jurisdiction to consider. Plaintiff filed her latest motions on April 1 and 2, 2022. (ECF 14 & 15.) Accordingly, the Court has jurisdiction to consider Plaintiff's latest motions. *See* Fed. R. App. P. 4(a)(4)(B)(i).

---

[1] A Rule 59(e) motion must be filed within 28 days of the entry date of the challenged judgment. Fed. R. Civ. P. 59(e).

**B.      Relief under Rule 59(e) and Local Civil Rule 6.3**

The standards governing Rule 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S.,*

*Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508 (S.D.N.Y. 2009). The movant must demonstrate that

the Court overlooked "controlling law or factual matters" that had been previously put before it.

*Id.* at 509; *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such

motions must be narrowly construed and strictly applied in order to discourage litigants from

making repetitive arguments on issues that have been thoroughly considered by the court."

*Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see*

*also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10

(S.D.N.Y. 2009) ("[A] motion for reconsideration is not an invitation to parties to treat the

court's initial decision as the opening of a dialogue in which [a] party may then use such a

motion to advance new theories or adduce new evidence in response to the court's ruling.")

(internal quotation marks and citations omitted).

Plaintiff has failed to demonstrate in her latest motions that the Court overlooked any

controlling decisions or factual matters with respect to the dismissal of this action. To the extent

that Plaintiff asserts that she filed a signed signature page for her complaint within the time

allowed by the Court's January 12, 2022, order, the Court never received it. In addition, to the

extent that Plaintiff asserts that she attached signed signature pages for her complaint to her

"motions to reconsider" (*see* ECF 9-2; ECF 14-2; ECF 15-2), none of those pages are legible.

The Court therefore denies Plaintiff relief under Rule 59(e) and Local Civil Rule 6.3.

## CONCLUSION

The Court construes Plaintiff's "motions to reconsider" filed on April 1 and 2, 2022 (ECF

14 & 15), as motions: (1) to alter or amend the Court's March 14, 2022, judgment under Rule

59(e) of the Federal Rules of Civil Procedure; and (2) for reconsideration of the Court's March 14, 2022, order and judgment under Local Civil Rule 6.3. The Court denies those motions.

The Court further directs the Clerk of Court to accept no further submissions from Plaintiff under this docket number, except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court notes that Plaintiff has consented to electronic service of court documents. (ECF 3.)

SO ORDERED.

Dated:   April 11, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge